UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY ADAMS, individually and as next friend of J.A., a minor, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:15-CV-1829 (CEJ) |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE and GLAXOSMITHKLINE LLC, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant GlaxoSmithKline LLC to dismiss plaintiff's claims for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a). Plaintiff has responded in opposition, and the issues are fully briefed.

I.  **Background**

Plaintiff Kimberly Adams brings this product liability action to recover damages for injuries suffered by her minor child, J.A., as a result of plaintiff's ingestion of Paxil during her pregnancy. According to the complaint, defendant GlaxoSmithKline LLC[1] is a pharmaceutical company involved in the research, development, testing, manufacture, production, promotion, distribution, and marketing of the drug Paxil throughout the United States. Plaintiff initiated this action in the Circuit Court of the City of St. Louis, Missouri. On December 11,

---

[1] GlaxoSmithKline LLC and SmithKline Beecham Corporation d/b/a GlaxoSmithKline were identified as separate defendants in the complaint. GlaxoSmithKline LLC was formerly known as SmithKline Beecham Corporation; on October 27, 2009, SmithKline Beecham Corporation d/b/a GlaxoSmithKline converted to GlaxoSmithKline LLC.

2015, defendant removed the action to this Court, invoking jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a).

J.A. was born in Daytona Beach, Florida, where plaintiff was prescribed and ingested Paxil and where plaintiff and J.A. currently live. It is uncontroverted that plaintiff and J.A. were citizens of Florida at the time the lawsuit was filed and at all times since. The sole member of GlaxoSmithKline LLC is GlaxoSmithKline Holdings (Americas) Inc., a Delaware corporation with its principal place of business in Delaware. See 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that a limited liability company has the citizenship of each of its members for purposes of diversity jurisdiction). As such, complete diversity exists between the parties.

**II.   Discussion**

Defendant argues that plaintiff cannot establish general jurisdiction because defendant is neither incorporated nor headquartered in Missouri. Also, defendant contends that plaintiff cannot establish specific jurisdiction because her claims do not arise out of defendant's contacts with Missouri. In response, plaintiff does not dispute the absence of either general or specific jurisdiction. Instead, plaintiff argues that defendant has consented to personal jurisdiction in Missouri by designating an agent for service of process within the state. In the alternative, the parties agree that transfer of the case under 28 U.S.C. § 1404(a) to the Middle District of Florida would serve all the parties' interest and moot the question of personal jurisdiction.

"The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979). Both personal jurisdiction and venue, however, are personal privileges of the defendant and may be waived by the parties. Id. Accordingly, the Supreme Court has held that "when there is a sound prudential justification for doing so," a court may consider venue without deciding the question of personal jurisdiction. Id. Because the parties' joint request to transfer venue in this matter provides an effective resolution of the case while "avoid[ing] the unnecessary decision of novel constitutional questions," the Court will consider the parties' arguments regarding venue and transfer without addressing personal jurisdiction. Id. at 181.

Two statutes set forth standards for transfers of venue in federal courts. 28 U.S.C. §§ 1404, 1406. Pursuant to section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any other district . . . to which all parties have consented." "A case may be transferred under § 1404(a) only when venue is proper in the transferor *and* transferee forums." Steen v. Murray, 770 F.3d 698, 701 (8th Cir. 2014). "By contrast, if a case is brought in a district where venue is improper under § 1391(b), the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Id. (quoting § 1406(a)). To state it simply, if venue is proper in the Eastern District of Missouri, this case should be transferred pursuant to section 1404(a). If venue is improper in the

Eastern District of Missouri, the case should be transferred pursuant to section 1406(a). Thus, the Court first must determine whether venue is proper here to determine which statute applies to the requested transfer.

Questions of venue generally are resolved in accordance with 28 U.S.C. § 1391. However, when a case is removed from state court to federal court, the removal statute, 28 U.S.C. § 1441, dictates venue. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665–66 (1953); see also 28 U.S.C. § 1390(c) (clarifying that the general venue provisions, including § 1391, "shall not determine the district court to which a civil action pending in a State court may be removed"). Section 1441(a) expressly provides that the proper venue of an action removed from state court is "the district court of the United States for the district and division embracing the place where such action is pending." Id. at 666. Because this case was filed in the Circuit Court of the City of St. Louis, Missouri and defendant voluntarily removed it to this Court, the district embracing the City of St. Louis, venue is proper in the Eastern District of Missouri. See Kotan v. Pizza Outlet, Inc., 400 F. Supp. 2d 44, 46 (D.D.C. 2005) (citing Hartford Fire Ins. Co. v. Westinghouse Elec. Corp., 725 F. Supp. 317, 320 (S.D. Miss. 1989) ("[D]efendant's voluntary application for removal confers venue over him.")); see also 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3843 (4th ed. 2015) ("[V]enue for a case removed from state court is not governed by the general venue statute, Section 1391(b). Rather, Section 1441(a) applies . . . . After the case is removed . . . transfer can be ordered, if appropriate, under Section 1404(a)."). Accordingly, section 1404(a) properly applies to the parties' request for transfer in this removed action.

Under section 1404(a), the Court next must assess whether venue is proper in the forum requested. The parties consent to the transfer of this case to the Middle District of Florida. See § 1404(a) ("[A] district court may transfer any civil action . . . to any district or division to which all parties have consented."); see also Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 204, 125 Stat. 758, 764 (2011) (codified at 28 U.S.C. § 1404(a)) (superseding Hoffman v. Blaski, 363 U.S. 335 (1960) by adding to section 1404(a), "or to any district or division to which all parties have consented"). Venue, thus, is proper in the Middle District of Florida.

Independent of the parties' consent, the Court must consider whether the statutory factors of section 1404(a) justify transfer to the Middle District of Florida. See § 1404(a) (requiring a district court to evaluate "the convenience of parties and witnesses" and "the interest of justice" when deciding whether to transfer a matter). "Factors related to the parties' private interests include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S. Ct. 568, 581 n.6 (U.S. 2013) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" Ibid.

After examining these factors, the Court is convinced that transfer to the Middle District of Florida is warranted here. According the complaint, defendant marketed and distributed Paxil in Florida. Plaintiff was prescribed and ingested Paxil in the Middle District of Florida where she and J.A. continue to reside. Potential witnesses include plaintiff's prescribing and treating physicians and J.A.'s diagnosing and treating physicians who are in or near the Middle District of Florida. Medical records are likely located within the same district as the physician witnesses. Florida law will likely govern plaintiff's claims. See Parrott v. Severs Trucking, LLC, 442 S.W.3d 478, 482 (Mo. Ct. App. 2014) ("[W]hen determining choice-of-law issues relating to a tort action generally, Missouri courts apply the 'most significant relationship test.'"). A trial thus would be most the efficient and convenient for the parties and the witnesses in the Middle District of Florida. Moreover, plaintiff does not seek to recover for any conduct that occurred within Missouri. The only connection between this action and the Eastern District of Missouri is the fact that plaintiff retained counsel and initiated the case in Missouri. Thus, the Court finds it appropriate to transfer this case to the Middle District of Florida.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant GlaxoSmithKline LLC to transfer venue [Doc. #8] is **granted.**

**IT IS HEREBY ORDERED** that the motion of defendant GlaxoSmithKline LLC to dismiss [Doc. #8] is **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Florida.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of February, 2016.